PORTER ET AL.
vs.
BOYLE ET AL.

**PORTER ET AL vs. BOYLE ET AL.**

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT.

Where the certificate of the notary states that notice was given to the endorser, by depositing it in the post-office, in this city, addressed to him there: *Held*, that the certificate *per se* is clearly insufficient to prove notice, whatever may have been the domicil of the endorser, as no diligence is shown to find his domicil or give him personal notice.

Where the endorser resides in a faubourg of New-Orleans, notice of protest addressed to him and deposited in the city post-office is insufficient, without showing reasonable diligence to give him personal notice.

This is an action on a negotiable note for one thousand, three hundred and eighty-three dollars, twenty-four cents, drawn by Daniel Boyle and endorsed by Wm. Doherty and Solon Hill, secured by mortgage on a lot of ground in faubourg Lafayette.

The plaintiffs Porter, Tileston & Co., are the holders, and had the note protested for non-payment, and instituted suit against the drawer and endorsers. The notary certifies he notified the endorsers, by letters addressed to them, on the day of protest, "by depositing the letter for Doherty in the post-office, in the city of New-Orleans, addressed to him there, and by delivering the one for Hill to him."

The evidence showed that Doherty, the principal endorser, lived in the faubourg Livaudais, and within the limits of the parish of Jefferson.

The act of 1827, relative to protests of bills and notes, provides, "that when the endorser shall not reside in the town or city where the protest shall be made, notice may be given through the post office."

The district judge decided that the notice to the endorser was insufficient and not legal. Judgment being entered in his favor, as in case of non-suit, the plaintiff appealed.

*Hoffman*, for the appellant. No counsel appearing for the appellee.

*Bullard J.*, delivered the opinion of the court.

The sole question presented for our solution in this case, is, whether the record furnishes sufficient legal evidence of due notice of the protest of a promissory note, to the endorser. It is shown, that the endorser resided at the time of the protest, in the faubourg Livaudais.

The notary who made the protest, certifies that notice was given, by letter, served in the following manner : "by depositing the letter for said Doherty, in the post-office in this city, addressed to him," &c.

This certificate, *per se*, is clearly insufficient to prove due notice, whatever may have been the domicil of the endorser. It is not certified that diligence was used to find his domicil, nor any effort made to give him personal notice.

The witness, Hull, who acted as the clerk of the notary, testifies, that he inquired of the other endorser and was informed that Doherty resided in the faubourg. Instead of going to his residence, in order to serve him with personal notice, he put a notice in the post-office, addressed to him in New-Orleans. This Court has already decided, that the statute of 1827, on which the appellant relies, has not introduced any new rule on the subject of notices of protest, but merely a new mode of proof of notice. *7 Louisiana Reports*, 73.

Holders of promissory notes, are bound to give notice to endorsers, within a reasonable time after their dishonor, and if they trust to notaries, or to the clerks of notaries to perform that service, they do it at their own peril. It is not pretended that the plaintiffs were ignorant of the residence of their endorser, and that they could not by reasonable diligence have given him personal notice. There is nothing upon which they can base a right to bind him, by a constructive notice through the post-office, more especially as it is shown that their agent, Hull, was informed where he resided.

It is, therefore, ordered, adjudged and decreed, that the judgment of the District Court be affirmed, with costs.

EASTERN DIST.
*April*, 1835.

PORTER ET AL.
*vs.*
BOYLE ET AL.

Where the certificate of the notary states, "that notice was given to the endorsers, by depositing it in the post-office, addressed to him there" : *Held*, that the certificate *per se*, is clearly insufficient to prove notice whatever may have been the domicil of the endorser, as no diligence is shown to find his domicil or give him personal notice.

Where the endorser resides in a faubourg of New Orleans, notice of protest addressed to him, and deposited in the city post-office, is insufficient, without showing reasonable diligence to give him personal notice.